MATÍAS DE LOS SANTOS FRUCTUOSO, Plaintiff and Appellee, v. JOSÉ SEIJO ET AL., Defendants and Appellants. FÉLIX DE LOS SANTOS, Plaintiff and Appellee, v. JOSÉ SEIJO ET AL., Defendants and Appellants.

Nos. 7688 and 7689. Argued May 23, 1938.—Decided July 12, 1938.

*C. Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellants. *Aurelio Rivas* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiffs and appellees have moved to dismiss these two appeals, taken by the defendants from two judgments sustaining the complaints in two injunction proceedings to recover possession of real property. The suits were jointly heard in the district court and the grounds for its judgments were set forth by said court in a single opinion. We will follow the same procedure.

In the complaint in case No. 7688, Matías de los Santos substantially alleged that within the year next preceding the filing thereof he had been in the actual and physical possession of a parcel of land which he described; that the

defendants and their employees, on May 13, 1937, without plaintiff's consent and against his will, forcibly entered the said parcel, cut down trees, and built a fence enclosing a parcel of land which measured 102 square meters and which was described, taking possession of it and depriving the plaintiff of the possession thereof; that on the same day and in like manner the defendants destroyed a wire fence that marked the north boundary of the parcel of land in the possession of the plaintiff and built a latrine thereon, thus depriving the plaintiff of the possession of the ground needed for the purpose, and that they started building a house upon the parcel of land thus occupied and enclosed.

In the complaint in case No. 7689, Félix de los Santos substantially alleged that he w; s in the actual and physical possession of a certain building lot, which he described, and that the defendants, forcibly and against his will, entered therein removing a wire fence that marked the south boundary between the said lot and the lot occupied by the other plaintiff, Matías de los Santos, and dug a hole in the ground to be used as part of the latrine, occupying with the booth thereof the area of land described and depriving the plaintiff of the possession thereof.

In their answer to the first complaint the defendants admitted "that the plaintiff, merely as a detainer, has occupied within the year next preceding the filing of his complaint and is actually and physically in possession of the house described in the third paragraph of the complaint, and that he likewise occasionally passes through and uses the parcel of land which is also described in said paragraph 3; they likewise admit that the plaintiff has used as a latrine a small structure located at the back of the property described. The defendants deny that within the year next preceding the filing of the complaint or at any other time the plaintiff has been in the actual and physical possession or otherwise of the property referred to in the aforesaid paragraph 3 of the complaint, and, on the contrary, the defendants allege

that although the plaintiff and his family have been detaining and at present detain the house that stands on the said piece of land, enjoying and using occasionally the said land and the small frame structure referred to in the description contained in the third paragraph of the complaint, the defendants and not the plaintiff are the ones who have been in the civil and legal possession thereof within the year next preceding the filing of the complaint and ever since November 21, 1932, at which time defendant Carmen Mercedes Gómez redeemed a piece of property measuring 1,000 square meters, . . . . . of which the parcel described in the above-mentioned paragraph 3 of the complaint forms part, and which was acquired by the People of Puerto Rico in a sale at public auction for delinquent land taxes.''

They further admitted the execution of the acts charged but alleged that they were entitled so to act and filed a cross complaint in which they alleged that they were the owners in fee of a parcel of land having an area of 5,000 square meters in the Barrio Obrero of Santurce, which they described, and which included the parcel of land that according to the plaintiff belonged to him, and charged the said plaintiff with acts constituting a disturbance of the right of the defendants, and prayed the court to order a discontinuance of said acts.

A similar answer to the second complaint was filed, and in that part thereof entitled ''New matter in opposition'' it was alleged as follows:

'' . . . . . that defendant Carmen Mercedes Gómez is the owner having the full dominion and civil possession, of the parcels described in paragraphs 3 and 4 of the complaint, . . . ;

''That the plaintiff acting in bad faith, and by taking advantage of the tolerant attitude of the defendants, occupies the house described in paragraph 3 of the complaint, and has trespassed on the property of Carmen Mercedes Gómez.

''That in the month of January the defendants brought an action of unlawful detainer against plaintiff Félix de los Santos and against his father Matías de Los Santos and this Hon. Court decided the case

adversely to the defendants owing to their failure to show with precision the limits and boundaries of the immovable which Matías de los Santos and Félix de los Santos are occupying as tenants at sufferance within the property of the plaintiff, . . . .

"That if the occupancy and detention by the plaintiff of the house described in paragraph 3 of the complaint, together with the trespassing by the plaintiff on the land referred to in said paragraph, constituted possession, it is alleged by the defendants that said possession, if any, would coincide with their civil and constructive possession, and this latter possession as well as the possessory rights of the defendants is as much if not more, entitled to protection by injunction as the mere detention or occupancy of the property."

Based on the pleadings and on the evidence heard at the trial, the district court, as already stated by us, gave judgment in both actions against the defendants.

Are the appeals taken by the latter frivolous, as claimed by the appellees? After a careful consideration of the record we think that they are really so.

We have transcribed almost in full the new matter of the answer of the defendants to the complaint in the second suit, because it shows the general drift of their theory, even attempting to present as acts in bad faith and of tolerated trespass those of possession which, as admitted by them, the plaintiffs were and still are performing in part. The latter alleged and proved something more. They proved the adverse physical possession by them of the immovable in the manner and during the time which the law as construed by the decisions, requires to justify protection by the injunction proceeding provided by Act No. 43 of 1913, as amended by Act No. 11 of 1917. "We think that the plaintiffs have shown the allegations of their complaint," was expressly stated by the trial court in its statement of the case and opinion.

Perhaps the defendants in both cases might be really entitled to the ownership and, therefore, to the possession of the parcels of land involved, but the fact is that the actual adverse possession was in the plaintiffs and long ago, in *Cividanes* v. *Oben et al.*, 34 P.R.R. 767, 776, this court said:

"Although the complaint in intervention speaks in general terms and without discrimination of constructive and actual possession (*posesión civil y natural*), the only thing involved, if not the only question that could be raised herein, was and is whether or not plaintiff was in actual possession of the ground upon which the houses erected by intervenors were built. If so, he is entitled to the immediate restoration of such possession regardless of any right that intervenors may have when asserted in a proper action to eject the judicial administrator from any part or portion, or all of the said premises, or to enjoin him from interference with the exercise by intervenors of any right that they may have to participate in such possession, or to demand any other relief, whether legal or equitable.

"Until error, if any, in the previous decisions of this court is made clearly to appear, we are constrained to hold in accordance with these decisions and in accordance with the history of the restorative interdict of the Roman Law that the spirit and purpose of our statute is to discourage conduct calculated to provoke a breach of the peace, to give parties in possession a day in court by compelling parties out of possession to resort to the courts in order to assert their rights instead of taking the law into their own hands. It would seem to follow as a corollary to the foregoing proposition that a previous and co-existent constructive possession or mere legal or equitable right to possession is no defense to a proceeding for the restoration of the actual possession when lost as the result of violent or clandestine methods employed by a defendant. See also Vol. 6 of Manresa, Commentaries on the Spanish Code of Civil Procedure, title 20, pp. 142, 149, 152, 153 and 157."

Subsequently, in *Fernández* v. *González*, 41 P.R.R. 719, 722, this court said:

". . . . Section 446 of the Civil Code, also cited by the court, which provides that acts merely tolerated and those clandestinely executed, without the knowledge of the possessor of a thing, or by force, do not affect the possession, is not to be considered and taken into account in deciding this kind of injunction proceedings where, as we have stated, only determination is made of questions of fact and not of the right by which the defendant was using the road, and, consequently, whether merely tolerated acts being involved, the possession of the owner of the property is not affected thereby. The Supreme Court of Spain stated in its decision of April 3, 1884, reported in volume 54 of *Jurisprudencia Civil*, that 'the restorative

interdict is available not only to those having the juridical possession but also to those having the tenancy of the thing or, what amounts to the same, having the actual and physical occupancy thereof with or without title. . . .' The same court in a decision dated November 20, 1913, reported in vol. 125, p. 356, *Jurisprudencia Civil,* also says: 'It is sufficient to read section 446 and its concomitants of the Civil Code to be convinced of the applicability of the Law of Civil Procedure and to hold accordingly that interdicts, if they are not to lose their peculiar character to the extent of rendering the action useless, can only deal with the fact of the possession in order to protect it from a temporary disturbance, but never with the title thereto explanatory of the ground and character of the possession.' "

Recently in *Pérez* v. *Castro,* 52 P.R.R. 555, 558, it was declared:

" . . . the pivotal point in a case of this kind is always merely a question of actual physical possession in the sense of personal occupancy,—never a question of civil, constructive or legal possession or right of possession. *Cividanes* v. *Obén and Vázquez, supra; Pérez* v. *Pérez,* 38 P.R.R. 676; Manresa, 'Comentarios a la Ley de Enjuiciamiento Civil.' Vol. 6, p. 147, 148; Manresa, 'Comentarios al Código Civil,' (1929 ed.) Vol. 4, p. 142, 145, 223; 6 Manresa 278, 281."

We have examined the extensive brief filed by the appellants in support of their appeals and really, in order to sustain the same, it would be necessary to revoke or at least substantially modify the jurisprudence of this court on the subject established by a long line of cases during a considerable number of years with complete firmness and clearness, and they have not convinced us that this should necessarily be the proper procedure to follow in cases of this kind.

The motions must be sustained and the appeals dismissed.

Mr. Justice De Jesús took no part in the decision of this case.